**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

RECEIVED CLERK'S OFFICE

2016 JUN 23 P 2: 57

| | | |
|---|---|---|
| Truman Lewis, | ) | Criminal No. 2:12-507-RMG |
| | ) | Civil No. 2:16-1308-RMG |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |

Now before the Court is Petitioner's motion to vacate his conviction, pursuant to 28 U.S.C. § 2255, and the Government's motion for summary judgment. For the reasons set forth below, the Court grants summary judgment for the Government and denies the motion to vacate.

## I.    Background

On June 19, 2012, Petitioner was indicted for conspiracy to commit health care fraud, wire fraud, and conspiracy to commit money laundering. The indictment also contained criminal forfeiture allegations of real and personal property. On June 22, 2011, the Government filed a civil asset forfeiture action against property alleged to be proceeds of that same wire fraud, health care fraud, and money laundering. *See* Complaint, *United States v. Various Vehicles et al.*, Civ. No. 2:11-1528-RMG (D.S.C. filed June 22, 2014).

On August 23, 2013, a jury found Petitioner guilty on all counts. The jury also found that all property listed in the indictment forfeiture allegations were subject to forfeiture. After Petitioner's conviction, the Court dismissed the civil forfeiture action in favor of the forfeiture proceedings in the criminal case. On March 19, 2014, Petitioner was sentenced to ten years in prison and ordered to pay over $3 million in restitution. On May 12, 2015, the United States Court of Appeals for the Fourth Circuit affirmed the verdict and sentence.

Petitioner timely filed the present § 2255 motion to vacate pursuant to § 2255 on April 28, 2016. He asserts two grounds for relief. In Ground One, Petitioner asserts his Sixth Amendment right to counsel was denied because his untainted assets needed to retain counsel of choice were restrained pretrial. In Ground Two, he asserts that his trial and appellate counsel were ineffective "for failing to raise ground one."

## II.    Legal Standard

### A.    Section 2255

To obtain relief under 28 U.S.C. § 2255, a petitioner must prove by preponderance of the evidence that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a).

An individual bringing a motion under 28 U.S.C. § 2255 is entitled to an evidentiary hearing unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Where the record "contains a dispute of material fact sufficient to preclude the grant of summary judgment to the Government," the petitioner is entitled to an evidentiary hearing. *United States v. White*, 366 F.3d 291, 301 (4th Cir. 2004). But "[n]o such hearing is required where the district judge deciding the § 2255 motion is thoroughly familiar with the case" and "it plainly appears from . . . the record of prior proceedings that the moving party is not entitled to relief." *Ouellette v. United States*, 862 F.2d 371, 377 (1st Cir. 1988); Rule 4(b) of the Rules Governing Section 2255 Proceedings.

A one-year period of limitation applies to motions brought under 28 U.S.C. § 2255. 28 U.S.C. § 2255(f). The limitation period runs from the latest of:

(1)    the date on which the judgment of conviction becomes final;

(2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* Unless an exception applies, a defendant must file an application for relief under § 2255 within one year of his conviction becoming final. Where a defendant does not seek review by the Supreme Court, his conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction. *United States v. Sosa*, 364 F.3d 507, 509 (4th Cir. 2004).

### B.    Ineffective Assistance of Counsel

When claiming habeas relief due to ineffective assistance of counsel at trial, a petitioner must show (1) that his trial counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that but for counsel's error, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The Court must apply a "strong presumption" that trial counsel's representation fell within the "'wide range of reasonable professional assistance," and the errors must be "so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Harrington*, 131 S. Ct. at 787. This is a high standard, one in which a habeas petitioner alleging prejudice must show that counsel's errors deprived him "of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. That the outcome would have been "reasonably likely" different but for counsel's error is not dispositive of the "prejudice" inquiry. Rather, the Court

must determine whether the result of the proceeding was fundamentally unfair or unreliable. *Harrington*, 131 S. Ct. at 787–88; *Strickland*, 466 U.S. at 694.

The Supreme Court has cautioned that "'[s]urmounting *Strickland*'s high bar is never an easy task[,]' . . . [e]stablishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult." *Harrington*, 131 S. Ct. at 788 (quoting *Padilla v. Kentucky*, 130 S. Ct. 1473, 1485 (2010)). When evaluating an ineffective assistance of counsel claim, the petitioner must satisfy the highly deferential standards of 28 U.S.C. § 2254(d) and *Strickland* "in tandem," making the standard "doubly" more difficult. *Id.* In such circumstances, the "question is not whether counsel's actions were unreasonable," but whether "there is any reasonable argument that counsel satisfied *Strickland*'s 'deferential standards.'" *Id.*

Courts are reluctant to characterize tactical or strategic decisions by trial counsel as ineffective assistance. *Carter v. Lee*, 283 F.3d 240, 249 (4th Cir. 2002). A "strong presumption" exists that counsel's actions were the function of trial tactics and not "sheer neglect." *Harrington*, 131 S. Ct. at 790. This rule, however, is not absolute where the purported strategic decision is based upon an error or ignorance of the law by trial counsel. *Wilson v. Mazzuca*, 570 F.3d 490, 502 (2nd Cir. 2009) (omissions based upon "oversight, carelessness, ineptitude or laziness" cannot be explained as "trial strategy"); *Ramonez v. Berghuis*, 490 F.3d 482, 488 (6th Cir. 2007) (a strategic choice made without a professionally competent investigation of the Petitioner's options is "erected upon . . . a rotten foundation" and is not entitled to deference).

### C.   Summary Judgment

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those

facts." *Pulliam Inv. Co. v. Cameo Props.,* 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

## III.    Discussion

### A.    Ground One

In Ground One, Petitioner asserts that his Sixth Amendment right to counsel was violated when his legitimate, untainted assets needed to retain counsel of choice were restrained pretrial, citing *Luis v. United States*, 136 S. Ct. 1083 (2016). (Mem. Supp. Mot. to Vacate 2, Apr. 28, 2016, Dkt. No. 518-1.) In *Luis*, the Supreme Court held that "the pretrial restraint of legitimate, untainted assets needed to retain counsel of choice violates the Sixth Amendment." 136 S. Ct. at 1088. Petitioner asserts that "$2,880,668.74 of the funds that were lockdown [*sic*] were untainted." (Mot. to Vacate, Dkt. No. 518-1 at 1.) Petitioner's argument has no merit. As an initial matter, that sum far exceeds the total funds restrained, which Petitioner himself claims to have comprised "approximately $1.2 million from various accounts." (*Id.*)

-5-

Petitioner arrives at his $2,880,668.74 figure by adding $80,668.74 (proceeds from a wrongful death settlement, discussed below) to the difference between two numbers—"approximately" $9 million and $6.2 million—found on Special Agent Kevin Cox's affidavit in support of a search warrant. (Mem. Supp. Mot. to Vacate 1 ("Additionally the affiant agent Cox, averred that Helpng Hands recieved nearly $9 million in Medicaid funds over the relevant period, $6.2 million" (errors in original)).) Special Agent Cox's affidavit, which in relevant part is identical to Special Agent Elizabeth Duffy's affidavit in support of the civil forfeiture complaint, *see* Aff. of Elizabeth P. Duffy ¶¶ 12–28, *Various Vehicles*, Civ. No. 2:11-1528 (D.S.C. filed June 22, 2011), Dkt. No. 1-2), states that $8,971,185 in Medicaid funds were received **into** First Legacy Community Credit Union checking account number x6035(70), an account for which Petitioner was the only authorized signor. (Dkt. No. 230-1 at 8–9, ¶ 21.) That exact number also appears in the indictment as "the value of proceeds . . . traceable to the specified unlawful activity." (Indictment, "Forfeiture" ¶ 2.) The second number, $6.2 million, is from a sentence prefatory to several affidavit paragraphs describing the transfer of funds **out of** account x6035(70). (Dkt. No. 230-1, at 9–10, ¶¶ 22–25 (stating "[i]n excess of $6.2 in Medicaid, believed to have been generated by false billings were deposited into [account x6035(70)]").) The purpose of those paragraphs is to show that funds in the accounts receiving transfers from account x6035(70) were tainted. There is no basis for subtracting $6.2 million or any other number from $8,971,185 to arrive some purportedly untainted amount Petitioner received from Medicaid. The Government plainly alleged in the indictment that at $8,971,185 was traceable to unlawful activity. (Indictment, "Forfeiture" ¶ 2.)

Moreover, balance of account x6035(70) restrained by the Government was $15,256.64, not the $2,880,668.74 claimed by Petitioner. Warrant, *Various Vehicles*, Civ. No. 2:11-1528

(D.S.C. filed August 8, 2011), Dkt. No. 25. Petitioner does not attempt to explain why that balance was untainted.

Finally, Petitioner also claims that approximately $80,668.74 from a wrongful death settlement was improperly restrained. This claim was litigated in the civil forfeiture action. Petitioner's father moved to return funds from the estate of Dennis Lewis. Motion, *Various Vehicles*, Civ. No. 2:11-1528 (D.S.C. filed July 24, 2012), Dkt. No. 65. The Court never ruled on the merits of the motion to return funds from the estate because the civil forfeiture action was stayed in favor of the criminal action. Text Order, *Various Vehicles*, Civ. No. 2:11-1528 (D.S.C. filed Apr. 3, 2013), Dkt. No. 101 (denying motion to return funds without prejudice).

The Court now finds that there is no genuine dispute that those proceeds were not restrained by the Government. This finding is supported by the record developed in the civil forfeiture action. In support of the Government's opposition to the motion to return funds, Special Agent Duffy, the primary case agent in the investigation leading to the civil forfeiture action, testified that "the funds from the wrongful death settlement had already been withdrawn from the bank accounts and spent prior to the execution of the seizure warrants." Aff. of Elizabeth Duffy ¶¶ 2, 5, *Various Vehicles*, Civ. No. 2:11-1528 (D.S.C. filed Aug. 13, 2012), Dkt. No. 71-1. Special Agent Duffy's uncontroverted testimony is well supported by the record developed by the Government's exhaustive investigation of Petitioner's financial transactions.

*Luis*, therefore, has only superficial similarity with Petitioner's case. Although both cases involve fraud on Medicare or Medicaid, pretrial restraint of funds, and allegations that the pretrial restraint prevented retention of counsel of choice, in *Luis* the Government stipulated that untainted funds were restrained pretrial. 136 S. Ct. at 1088. Here, Petitioner has not identified any legitimate, untainted funds to which he was denied access. The holding of *Luis* therefore is

inapposite and Petitioner consequentially fails to set forth a *prima facie* case for relief as to Ground One.

## B.    Ground Two

Petitioner claims that his "Trial and Appellate counsel was [*sic*] ineffective for failing to raise ground one." (Mot. to Vacate 5, Apr. 27, 2016, Dkt. No. 518.) Trial counsel, however, did litigate the issues Petitioner asserts in Ground One. *See* Mot. for Release of Funds, *Various Vehicles*, Civ. No. 2:11-1528 (D.S.C. filed Oct. 10, 2012), Dkt. No. 77 (filed by the Assistant Federal Public Defender representing Petitioner in his criminal case). The Court considered and denied that motion. Order, *Various Vehicles*, Civ. No. 2:11-1528 (D.S.C. filed Jan. 24, 2013), Dkt. No. 99. Even had defense counsel not done so, Ground One is meritless for the reasons explained above, and "[i]f the underlying claim is meritless, counsel's failure to pursue it can be neither unreasonable nor prejudicial, and no further inquiry is necessary." *Orbe v. True*, 233 F. Supp. 2d 749, 765 (E.D. Va. 2002) (citing *Wright v. Angelone*, 141 F.3d 151, 161 (4th Cir. 1998)). For that reason, appellate counsel's decision not to argue Ground One on appeal cannot constitute ineffective assistance. Accordingly, Petitioner is not entitled to relief as to Ground Two.

## IV.    Conclusion

For the foregoing reasons, the Court **GRANTS** the Government's motion for summary judgment (Dkt. No. 524), and **DENIES** the motion to vacate pursuant to 28 U.S.C. § 2255 (Dkt. No. 518).

### Certificate of Appealability

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

June 23, 2016
Charleston, South Carolina